1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   PAUL LESEVIC, an individual, on behalf        Case No. 19-cv-03126-LHK
     of himself and on behalf of all persons
13   similarly situated,                           **ORDER GRANTING MOTION FOR
                                                   PRELIMINARY APPROVAL OF CLASS
14                 Plaintiffs,                      ACTION SETTLEMENT**

15                 v.                              Re: Dkt. Nos. 66, 75

16   SPECTRAFORCE TECHNOLOGIES
     INC., a Corporation, and DOES 1 through
17   50, inclusive,

18

19                 Defendant.

20

21

22

23

24

25

26

27

28

Case No. 19-CV-03126-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On October 1, 2020, a hearing was held on the motion of Plaintiff Paul Lesevic ("Plaintiff") for preliminary approval of the parties' proposed settlement ("Motion") with Defendant Spectraforce Technologies, Inc. ("Defendant"), approval of the notice to be sent to the class about the settlement ("Class Notice"), and the setting of a date for the hearing on final approval of the settlement. At the hearing, the Court identified several defects in the proposed settlement and Class Notice. The Court thus ordered Plaintiff to supplement his Motion to cure the identified defects and otherwise comply with this district's *Procedural Guidance for Class Action Settlements* (updated Dec. 5, 2018), https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ ("*Procedural Guidance*"). ECF No. 72.

On October 29, 2020, Plaintiff filed a supplemental declaration in support of his Motion. ECF No. 75. The supplemental declaration details the parties' efforts to cure the defects that the Court identified at the October 1, 2020 hearing. Among other things, the parties prepared a First Amended Class Action Settlement Agreement (the "Agreement") and revised the Class Notice. The Court appreciates the parties' efforts. By and large, the parties clearly explained their efforts and successfully cured the defects.

However, the Court has identified what appear to be two oversights in the Agreement and Class Notice. These oversights result in some ambiguity, which the Court now clarifies. First, Agreement ¶ 6(a) provides that Plaintiff's counsel ("Class Counsel") will file their motion for attorney's fees "no later than fourteen (14) days before the deadline for written objections." ECF No. 75 at 24. This language in ¶ 6(a) is unchanged from the original settlement agreement. Yet *Procedural Guidance: Preliminary Approval* ¶ 9 requires that "class members have at least thirty-five days to opt out or object to the settlement and the motion for attorney's fees and costs."

Thus, Agreement ¶ 6(a) complies with *Procedural Guidance* insofar as Class Counsel files their motion for attorney's fees at least 35 days before the deadline for class members to opt out or object. Filing 35 days before the deadline is consistent with filing "no later than fourteen (14) days before the deadline." Filing 35 days before the deadline is also consistent with the parties' revisions to the Class Notice and the proposed order attached to the supplemental declaration. *See* ECF No. 75 at 4 (summarizing revisions). Specifically, Class Notice § 8 now states that the

1

1    motion for attorney's fees will be posted at least "35 days before objection deadline," not "14

2    days before" the deadline. *Id.* at 86. Similarly, the proposed order requires Class Counsel to "file

3    their application for the attorneys' fees and costs and post the motion for viewing as indicated in

4    the Class Notice no later than 35 days prior to the end of the objection period." *Id.* at 44.

5          Second, the Class Notice's "Summary of [Class Member's] Legal Rights and Options in

6    This Settlement" does not disclose that class members who opt-out of the settlement retain the

7    right to sue Defendant. ECF No. 75 at 35 ("Class Notice Summary"). Rather, the Class Notice

8    Summary states only the downside of opting-out. *See id.* ("If you request exclusion, you will

9    receive **no money from the Settlement**." (emphasis in original)). Class Notice § 7, by contrast,

10   notifies class members that "[i]f you opt out, you will retain the right to sue Defendant for the

11   issues resolved by this Settlement." *Id.* at 38. Thus, like Class Notice § 7, the Class Notice

12   Summary should inform each class member that "[i]f you opt out, you will retain the right to sue

13   Defendant for the issues resolved by this Settlement."

14         Having considered all the briefing, the arguments of counsel, the relevant law, the parties'

15   supplemental documents filed on October 29, 2020, and the record in this case, the Court

16   GRANTS the parties' motion for preliminary approval on two conditions: (1) class members will

17   be given at least 35 days to object to the motion for attorney's fees; and (2) the Class Notice

18   Summary will be amended to disclose the retention of the right to sue. These conditions are

19   consistent with the Agreement.

20         Moreover, the Court schedules the hearing on final approval of the parties' proposed class

21   action settlement ("Final Approval Hearing") on April 8, 2021, at 1:30 p.m.

22         IT IS ORDERED:

23         1.    This Order incorporates the defined terms in the First Amended Class Action

24   Settlement Agreement (the "Agreement") (Supplemental Declaration of Kyle Nordrehaug, Exh.

25   #1, ECF No. 75). Pursuant to the terms of the Agreement, Plaintiff and class members who do not

26   opt out of the class settlement ("Participating Class Members") will take only that which is stated

27   in the Agreement as approved by the Court (the "Settlement").

28

Case No. 19-CV-03126-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1         2.       Pursuant to the Agreement, the Class is conditionally certified and is defined as all

2  individuals who are or previously were employed by Defendant in California as a non-exempt

3  employee from April 19, 20l5 through May 31, 2020 (the "Class Period"). The Court finds for

4  settlement purposes only that this Class satisfies the requirements of Fed. R. Civ. P. 23.

5         3.       The parties' Agreement is granted preliminary approval as it meets the criteria for

6  preliminary settlement approval. The Settlement falls within the range of possible approval as

7  fair, adequate and reasonable, and appears to be the product of arm's length and informed

8  negotiations and to treat all class members fairly. Continued litigation would have been expensive

9  for both sides. The parties acknowledge that litigating and trying this action may have resulted in

10  delay of any recovery and involved significant risk as to liability and certification. Class Counsel

11  received the relevant information for the Class. Plaintiff has adequately demonstrated that the

12  agreement to settle did not occur until Class Counsel possessed sufficient information to evaluate

13  the case and make an informed decision about settlement.

14         4.       The parties' proposed notice plan satisfies the requirements of Federal Rule of

15  Civil Procedure 23 because individual notices will be mailed to all class members whose

16  identities are known to the parties, the Class Notice is stated in easily understood language, and

17  such notice is the best notice practicable under the circumstances. The parties' proposed Class

18  Notice, attached to the Agreement as Exhibit A, sufficiently informs class members of the terms

19  of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their

20  right to receive a Settlement Share or elect not to participate in the Settlement, and the processes

21  for doing so, and the date and location of the Final Approval Hearing, and therefore is approved.

22         5.       Any class member who does not submit a valid request for exclusion will be

23  deemed a Participating Class Member and will be entitled to receive a Settlement Share based

24  upon the allocation formula in the Agreement.

25         6.       Any class member who wishes to comment on or object to the Settlement, the

26  attorneys' fees and costs, and/or the proposed Class Representative Service Payment, or who

27  elects not to participate in the Settlement, has until 45 days after the mailing of the Class Notice

28  to submit his or her comment, objection, or request for exclusion in Settlement pursuant to the

Case No. 19-CV-03126-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    procedures set forth in the Class Notice. Class Counsel must file their application for the

2    attorneys' fees and costs and post the motion for viewing as indicated in the Class Notice no later

3    than 35 days prior to the end of the objection period, and the application will be heard at the Final

4    Approval Hearing. Alternatively, class members may appear at the Final Approval Hearing to

5    make an oral objection.

6         7.    Simpluris is appointed to act as the Settlement Administrator, pursuant to the terms

7    set forth in the Settlement. Blumenthal Nordrehaug Bhowmik De Blouw LLP is approved as

8    Class Counsel and the Plaintiff is approved as the representative of the Class.

9         8.    Defendant is directed to provide the Settlement Administrator with the Class Data

10   for each class member as specified by the Agreement no later than 30 days after the date of entry

11   of this order. Pursuant to the terms set forth in the Agreement, the Class Data, its contents and any

12   files containing Class Data shall remain strictly confidential for the Settlement Administrator, not

13   to be disclosed to Plaintiff or to Class Counsel or to any class member.

14        9.    The Class Notice attached as Exhibit A to the Agreement is approved. The

15   Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the

16   class members at their last known address no later than 14 days after receipt of the Class Data.

17        10.   At the Final Approval Hearing, the Court will determine whether the Settlement

18   should be granted final approval as fair, reasonable, and adequate as to the class members. The

19   Court will hear all evidence and argument necessary to evaluate the Settlement and will consider

20   the request for approval of attorneys' fees and costs and for approval of the Class Representative

21   Service Payment. Class members and their counsel may support or oppose the Settlement and the

22   motion for an award of attorneys' fees and costs and the Class Representative Service Payment, if

23   they so desire, as set forth in the Class Notice.

24        11.   Any class member may appear at the Final Approval Hearing in person or by his or

25   her own attorney and show cause why the Court should not approve the Settlement, or object to

26   the motion for an award of attorneys' fees and costs and the service award. For any written

27   comments or objections to be considered at the hearing, the class member must submit the written

28   objections to the Settlement Administrator in compliance with the instructions in the Class Notice

4

1    and describe the nature of the class member's comments, support or objection. Written comments

2    or objections to the Settlement or to the attorneys' fees and costs must be postmarked no later

3    than 45 days after mailing of the Class Notice.

4          12.    The Court reserves the right to continue the date of the Final Approval Hearing

5    without further notice to class members. The Court retains jurisdiction to consider all further

6    applications arising out of or in connection with the Settlement.

7    **IT IS SO ORDERED.**

8

9    Dated: October 30, 2020

10   

11   _____
     LUCY H. KOH
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 19-CV-03126-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT