UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL LESEVIC, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRAFORCE TECHNOLOGIES INC.,<br><br>Defendant. | Case No. 19-CV-03126-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 77 |

Before the Court is Class Counsel's motion for attorneys' fees, ECF No. 77 ("Mot.").[1] The Court held a hearing on the motion on April 8, 2021. ECF No. 83. Having considered all the briefing, the oral arguments, the relevant law, and the record in this case, the Court hereby

---

[1] Class Counsel's motion for attorneys' fees contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and the points and authorities in support of the motion must be contained in one document with a combined limit of 25 pages. *See* Civ. Loc. R. 7-2(b).

1
Case No. 19-CV-03126-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

GRANTS IN PART and DENIES IN PART Class Counsel's motion for attorneys' fees. Specifically, the Court orders that fees in the amount of $168,000 and expenses in the amount of $11,445.78 be paid to Class Counsel, and that a service award of $5,000 be paid to Class Representative Paul Lesevic.

## I. LEGAL STANDARD

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). To guard against an unreasonable result, the Ninth Circuit encourages district courts to "cross-check[] their calculations against a second method." *Id.* at 944. Accordingly, the Court calculates the attorneys' fees using the percentage-of-recovery method and then cross-checks its calculations against the lodestar method. *See id.* at 944–45.

"Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *In re Wa. Pub. Power Supply System Sec. Litigation (WPPSS)*, 19 F.3d 1291, 1302 (9th Cir. 1994). Thus, "fee applications must be closely scrutinized." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). "Rubber-stamp approval, even in the absence of objections, is improper." *Id*.

Where the percentage-of-recovery method is used, it is well-established that 25% of a common fund is a presumptively reasonable amount of attorneys' fees. *In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . ."). However, the Ninth Circuit has emphasized that "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino*, 290 F.3d at 1048. "Selection of the benchmark or any other rate must be supported by findings that take into account all the circumstances of the case." *Id.*; *see also WPPSS*, 19 F.3d at 1298 ("[C]ourts cannot

rationally apply any particular percentage . . . in the abstract, without reference to all the circumstances of the case.").

## II. DISCUSSION

Class Counsel move for an attorneys' fees award substantially greater than the 25% benchmark rate. Specifically, Class Counsel seek 33% of the settlement fund ($200,000 of $600,000). In addition, Class Counsel seek reimbursement of $11,445.78 in expenses and a $10,000 service award to Class Representative Paul Lesevic.

The Court ultimately concludes that an award between the 25% benchmark and Class Counsel's 33% request is appropriate. Specifically, the Court awards 28% of the settlement fund, which yields fees of $168,000. As for expenses, the Court grants Class Counsel's requested reimbursement of $11,445.78. Lastly, the Court approves a reduced service award of $5,000. Below, the Court analyzes the attorneys' fees award, expenses, and service award in turn.

### A. The Court awards 28% of the settlement fund in attorneys' fees.

The Court awards 28% of the settlement fund in attorneys' fees—a moderate increase to the 25% benchmark rate. The Court reaches this award based on consideration of the following factors: (1) the skills displayed by Class Counsel; (2) the risks taken by Class Counsel; (3) the result achieved for the class; and (4) a lodestar cross-check. *See Vizcaino*, 290 F.3d at 1048–49 (weighing the risks taken by counsel and the result achieved for the class); *see also Serrano v. Priest*, 20 Cal. 3d 25, 49 (Cal. 1977) (stating factors under California law). The Court discusses each factor in turn.

#### 1. Class Counsel displayed skill by achieving a quick settlement.

The skills displayed by Class Counsel merit a moderate upward adjustment from 25%. Class Counsel displayed skill in two ways. First, Class Counsel achieved a quick settlement for the class. Just eight months transpired between the commencement of this action on April 19, 2019, ECF No. 1, and the settlement in principle reached at the mediation on December 20, 2019, ECF

3
Case No. 19-CV-03126-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

No. 81-1 at 37. The parties then signed a memorandum of understanding ("MOU") on March 7, 2020, *id.* at 9, and executed the settlement agreement on May 18, 2020. *Id.* This relatively fast settlement ensures the class will timely receive compensation for the minimum wages, meal periods, and other monies that they are allegedly owed. *See* ECF No. 1-1 at 8–18 (overview of allegations).

Second, Class Counsel prevailed in a discovery dispute before United States Magistrate Judge Nathanael M. Cousins. ECF No. 38. By prevailing, Class Counsel received "electronic time and wage records," contact information and job descriptions of class members, and "complete substantive responses" to certain requests for production. *Id.* at 2. This discovery motion practice displayed Class Counsel's skill at pursuing important documents.

However, an upward adjustment to 33% is unwarranted here. To support such a large upward adjustment, Class Counsel assert without explanation that the instant case's "area of practice is still developing as evidenced by the California Supreme Court's ruling in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012), and the Ninth Circuit's ruling in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015)." Mot. at 11 (citing Nordrehaug Decl. ¶ 6(h), ECF No. 77-1). Given that *Brinker* is about nine years old and *Sakkab* is about six years old, Class Counsel have had time to learn about this "developing" area of the law. Moreover, the instant motion and Class Counsel's supporting declaration do not explain why these two cases justify an 8% upward departure from the Ninth Circuit's 25% benchmark for attorneys' fees awards. Accordingly, the skills displayed by Class Counsel support a 28% attorneys' fees award, not a 33% attorneys' fees award.

**2. Class Counsel assumed moderate risk.**

The moderate risk assumed by Class Counsel also supports a moderate upward adjustment from the 25% benchmark. Defendant asserted that "any late or short meal periods were the voluntary decision of the employee, and not the result of a failure of Defendant." Nordrehaug

4

Case No. 19-CV-03126-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

Decl. ¶ 6(e). If Defendant prevailed on that view of the merits, the class's recovery would have been significantly reduced. In sum, this moderate risk supports a 28% attorneys' fees award. A greater upward adjustment is unwarranted.

### 3. Class Counsel achieved a reasonable monetary result for the class.

Class Counsel achieved a reasonable monetary result: a $600,000 non-reversionary common fund. This fund compensates for 3.4 times actual damages of about $176,231, according to Class Counsel's valuation at mediation. Blumenthal Decl. ¶ 7(d), ECF No. 81-1. However, the fund compensates for only a fraction of maximum statutory penalties. Under California Labor Code §§ 203 and 226, maximum wage statement penalties were $42,200 and maximum waiting time penalties were $8,444,726, resulting in a total of $8,486,926 in maximum statutory penalties. *Id.* Together, actual damages and maximum statutory penalties totaled $8,663,157. Thus, the $600,000 settlement fund compensates for about 7% of the class's maximum potential recovery.

On average, each class members will receive about $327, or about $10 per workweek. *Id.* Moreover, class members need not submit a claim form to receive payment. Class members will automatically receive a paper check by mail. The settlement administrator has verified the mailing addresses for 99% of the class. *See* Kincannon Decl. ¶ 8, ECF No. 81-2 (noting that 11 notice packets out of 1,081 were undeliverable). In short, Class Counsel achieved a reasonable monetary recovery for the class and paired that recovery with an easy claims process.

In sum, given the factors above, the Court concludes that a percentage of 28% should be applied to the $600,000 settlement fund. Accordingly, the percentage-of-recovery method produces a total attorneys' fees award of $168,000. With that figure in hand, the Court next performs a lodestar calculation as a means of cross-checking that result.

### 4. A lodestar cross-check supports a attorneys' fees award moderately greater than the 25% benchmark.

Courts calculate a lodestar "by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable

5

Case No. 19-CV-03126-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d at 941. Although "the lodestar figure is 'presumptively reasonable,' the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors." *Id.* at 941–42 (citation omitted). Where, as here, the lodestar is being used as a cross-check, courts may do a rough calculation "with a less exhaustive cataloging and review of counsel's hours." *Young v. Polo Retail, LLC*, No. 02-CV-04546-VRW, 2007 WL 951821, at *6 (N.D. Cal. Mar. 28, 2007); *see also In re Toys R Us-Delaware, Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 460 (C.D. Cal. 2014) ("In cases where courts apply the percentage method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award.").

Class Counsel estimate their lodestar is about $238,717 across 433 hours—implying a multiplier of 0.84 to reach Class Counsel's requested award of $200,000 (one-third of the settlement fund). Mot. at 19. Class Counsel argue that their negative lodestar multiplier supports their fee request. The Court disagrees. As explained below, Class Counsel's lodestar is inflated by five categories of excessive hours: (1) total hours billed; (2) hours billed by name partners on lower-level tasks; (3) associate work duplicative of name partner work; (4) excessive review of Court orders and the docket; and (5) work on the instant attorneys' fees motion.

As a general matter, a reasonable number of hours is equal to the number of hours that the attorney could reasonably bill to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Here, the first category of excessive hours is total hours billed. Class Counsel billed $238,717 across 433 hours and approximately 12 billers. This billing is excessive for a case in

which the parties (1) never briefed a motion to dismiss or other dispositive motions; (2) filed one straightforward wage and hour complaint; (3) took no depositions; (4) and reached a settlement in principle after only eight months of litigation. Indeed, aside from settlement-related motions, the only substantive motion that Class Counsel filed was a joint discovery motion before Judge Cousins. ECF No. 32. Thus, the Court exercises its discretion to reduce Class Counsel's lodestar by 10% ($23,872), which is a "haircut" the Court may apply even "without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

The second category of excessive hours comprises hours billed by the two most expensive timekeepers. These timekeepers—Class Counsel's name partners Kyle Nordrehaug ($750/hour) and Norman Blumenthal ($795/hour)—often billed for tasks that likely should have been done by someone else (*e.g.*, an associate or paralegal) in the first instance. Specifically, Nordrehaug and Blumenthal billed for clerical tasks and legal research. Below, the Court lists five examples of Nordrehaug billing for lower-level tasks, which account for $16,050 of the lodestar:

- "Draft exhibits for settlement; review law for exhibits," "Draft exhibits to agreement," and "draft exhibits; revise exhibits and email Def" on May 8, 11, 12 in 2020 for 7.05 hours. ECF No. 77-1 at 103. At a rate of $750 per hour, these 7.05 hours account for $5287.50 of the lodestar.

- "Legal research and review relevant information and docs" on May 21, 2020 as part of a block-billed 6.75 hour entry. *Id.* at 104. This accounts for $5062.50 of the lodestar.

- "Prepare motion for prelim approval for filing; file and serve" on May 26, 2020 for 1.5 hours. *Id.* This accounts for $1,125.00 of the lodestar.

- "Prepare chambers copies; respond to clerk" on September 16, 2020 for 0.6 hours. *Id.* This accounts for $450 of the lodestar.

- "Draft supplemental decl; revise docs and research for issues identified by Court; revise proposed order" on October 28, 2020 in 5.5 hour block-billed entry. This accounts for $4,125 of the lodestar.

As for Blumenthal, the Court lists three examples of his billing for lower-level tasks, which account for $12,521.25 of the lodestar:

7

Case No. 19-CV-03126-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

- "Review MOU; analyze and outline settlement agreement; advise [associate Piya Mukherjee]" on September 13, 2019 for 4.75 block-billed hours. ECF No. 77-1 at 87–88. This accounts for $3776.25 of the lodestar.

- "Review docs and law; analyze and draft mediation brief" on December 19, 2019 for 4.25 block-billed hours. *Id.* at 94. This accounts for $3,378.75 of the lodestar.

- Unexplained repeated revisions of the settlement agreement on March 30, 2020 and April 9, 2020. Specifically, on March 30, 2020, Blumenthal billed for "review settlement agreement, analyze, revise for final" for 4.0 block-billed hours. *Id.* at 101. Yet on April 9, 2020, he again billed for "review settlement agreement, revise. Advise [associate Charlotte James]" for 2.75 hours. These 6.75 hours account for $5366.25 of the lodestar.

The Court doubts that it was most efficient for Nordrehaug and Blumenthal to bill for these tasks in the first instance. "Prepar[ing] chambers copies" and "fil[ing]" are certainly tasks for a paralegal, who bill about $250 per hour at Class Counsel's firm. ECF No. 77-1 at 107. Tasks such as "legal research" and "draft exhibits for settlement" may be better suited for an associate, who bill about $475 per hour at Class Counsel's firm. *Id.* If an associate had billed for the above tasks instead, the tasks would have cost about $475 per hour—about a 40% discount on Nordrehaug and Blumenthal's rates. *See* ECF No. 77-1 at 107 (detailing associate rates). Thus, the Court reduces the lodestar attributable to the above time entries by 40%, or $11,428.

Regardless, if senior partners bill for completing a task, more junior attorneys should not bill for reviewing those partners' work absent special circumstances. Yet Class Counsel's associates did just that. Thus, the third category of excessive hours comprises hours that duplicate senior partners' work. Below, the Court identifies duplicative work on the settlement agreement, memorandum of understanding, and motion for preliminary approval:

- *Settlement agreement*. From March 11 through May 20, 2020, name partners Nordrehaug and Blumenthal "outline[d]," "draft[ed]," "review[ed]," "analyze[d]," "revise[d]," and "prepare[d]" the settlement agreement and its exhibits. ECF No. 71-1 at 100–03. Yet associates Charlotte James and Norman Blumenthal also "draft[ed]," "revise[d]," "edit[ed]" "analyze[d]," and "review[ed]" the settlement agreement on March 18, April 10, and May 18, 2020. *Id.*
    o The associates' duplicative hours totaled about 5.6 hours ($2,720).

8
Case No. 19-CV-03126-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

- *Memorandum of understanding* ("MOU"): From February 21 through March 6, 2020, name partners Nordrehaug and A.J. Bhowmik "review[ed]," "analyze[d]", "revise[d]," and "recirculate[d]" the MOU. ECF No. 77-1 at 99–100. Yet on March 6, 2020 associate Nick Deblouw billed 1.2 hours ($690) to an entry that included "review[ing] and analyz[ing] MOU." Then even after the MOU was signed on March 7, 2020, further "review" and "evaluat[ion] of the MOU continued. ECF No. 81-1 at 9. On March 18, 2020, associate Charlotte James "evaluate[d] MOU and complaint" for an hour ($475). On April 8, 2020, associate Victoria Rivapalacio "review[ed] MOU" as part of a three-hour block-billed entry ($1,425).

  o The associates' duplicative hours totaled about 5.2 hours ($2,590).

- *Motion for preliminary approval*: From March 18 through May 26, 2020, Nordrehaug and Blumenthal "draft[ed]," "work[ed] on," "review and revise[d]," "file[d]," and "serv[ed]" the motion for preliminary approval and its supporting exhibits. *Id.* at 101–04. Yet associates also billed for "evaluat[ing] status of motion for preliminary approval" and "review[ing]" the motion. *Id.* at 102, 104. Specifically, James included in two block-billed one-hour entries ($950) an evaluation of "status of motion for preliminary approval"; and Rivapalacio billed one hour ($475) to "review motion for preliminary approval" on the same day Nordrehaug filed the motion. *Id.* at 102, 104.

  o The associates' duplicative hours totaled about three hours ($1,425).

Across the billing for the settlement agreement, MOU, and motion for preliminary approval, associates performed about 13.8 duplicative hours of work: a total of $6,735 in lodestar.

The fourth category of excessive billing comprises Class Counsel's excessive review of the docket. Aside from Judge Cousins's October 23, 2019 discovery order, ECF No. 38, and the Court's October 30, 2020 order granting preliminary approval, ECF No. 76, there were no substantive orders in the instant case. No dispositive motions were ever filed, let alone decided. Class Counsel filed the complaint on April 19, 2019 and reached a settlement in principle eight months later on December 20, 2019. Yet Class Counsel's associates billed for excessive "review [of the] Court's orders," docket, and Local Rules. Specifically, Class Counsel billed the following excessive tasks to the lodestar:

- June 17, 2019: "Review Court's orders" as part of 1 hour ($475).

- July 24, 2019: "Review Court's orders and docket; Local Rules" as part of 1 hour ($475).

9
Case No. 19-CV-03126-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

- August 15, 2019: "Review Court's orders and Local Rules" as part of 0.60 hours ($285).
- August 28, 2019: "Review Local Rules and Court's orders" as part of 0.50 hours ($237.50).
- October 7, 2019: "Review Court's orders and procedures" as part of block-billed 2 hours ($950).
- October 22, 2019: Review "Local Rules and Court's orders" as part of block-billed 2 hours ($950).
- October 23, 2019: "Review Court's order" as part of block-billed 2.5 hours ($1,187.50).
- October 24: 2019: "Review Court's order" as part of 0.4 hours ($190).
- November 1, 2019: "Review status and order" as part of 0.6 hours ($285).
- November 6, 2019: "Review Court's orders" as part of 0.8 hours ($380).
- November 13, 2019: "Review Court's orders and discovery" as part of 0.5 hours ($237.50).
- December 9, 2019: Review "Court's orders and calendar" as part of 0.7 hours ($332.50).
- December 12, 2019: "Review Court's orders and docket; follow up" for 0.5 hours ($237.50).
- January 17, 2020: "Review Court's order" as part of block-billed 2 hours ($950).
- January 29, 2020: Research on "standing orders; local rules re amendments" as part of 1 hour ($475).
- April 8, 2020: "Review Local Rules and civil chambers rules; review Court's orders" for 1.5 hours ($712.50).
- May 5, 2020: "Evaluate relevant orders" and "continue analyzing relevant orders" as part of 2 block-billed hours ($950).
- May 8, 2020: "Review Court's orders and CMC status" and "review stipulation to continue re mediation"—even though mediation had finished nearly five months before—as part of 0.50 hours ($237.50).
- June 5, 2020: "Review Court's orders and docket" as part of 0.5 hours ($237.50).
- September 25, 2020: "Review Court's orders and docket; upcoming hearings and deadlines" as part of 1 hour ($475).

- October 16, 2020: "Review Court's orders and docket; correspondence between parties" for 0.60 hours ($285).

ECF No. 77-1 at 82–105. All this excessive review of the docket totaled about 21.2 hours and about $10,070 in lodestar.

The last category of excessive billing comprises time spent on the instant motion for attorneys' fees. "Fees are not awarded for fee litigation in common fund cases because, rather than creating or preserving the common fund, the fee litigation actually depletes it." *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 694 n.5 (9th Cir. 1991); *accord* 5 Newberg on Class Actions § 15:93 (5th ed. Dec. 2020 update) (collecting cases). In other words, Class Counsel cannot earn "fees on fees." Yet all of Class Counsel's billing from December 11 through December 18, 2020 is fee-related. Through those dates, Nordrehaug and two associates billed 12.6 hours ($6,727.50) to the attorneys' fee motion. ECF No. 77-1 at 106. None of this time is billable.

In sum, the Court reduces Class Counsel's $238,717 lodestar by $58,832.50—$23,872 as a blanket 10% haircut, $11,428 as a reduction to name partners' billing for lower-level tasks, $6,735 in duplicative associate work, $10,070 in excessive review of the docket, and $6,727.50 in fees on fees. The resulting adjusted lodestar is $179,884.50, which yields a multiplier of 1.11x on the requested attorneys' fees award of 33% of the settlement fund. This lodestar cross-check confirms that the 28% award to Class Counsel under the percentage-of-the-fund method is not excessive. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011) (describing lodestar cross-check). To the extent Class Counsel argue that the multiplier requires awarding even *more* than 28% of the settlement fund, Class Counsel are mistaken. The Court may adjust a lodestar "upward *or downward* by an appropriate positive *or negative* multiplier reflecting a host of 'reasonableness' factors." *Id.* at 942 (emphasis added). "[A]n award of no lodestar multiplier at all is within the district court's discretion." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 425 (2d Cir. 2010).

Accordingly, the Court awards Class Counsel 28% of the settlement fund: $168,000.

**B. Class Counsel's expenses are reimbursable.**

In common-fund cases, the Ninth Circuit has stated that the reasonable expenses of acquiring the fund can be reimbursed to counsel who has incurred the expense. *See Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *Acosta v. Frito-Lay, Inc.*, No. 15-CV-02128-JSC, 2018 WL 646691, at *11 (N.D. Cal. Jan. 31, 2018) ("There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." (quoting *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014))). Expense reimbursements comport with the notion that the district court may "spread the costs of the litigation among the recipients of the common benefit." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1121 (9th Cir. 2002).

Here, Class Counsel request reimbursement of $11,445.78 in litigation expenses. Nordrehaug Decl. ¶ 12. At the hearing on the instant motion, Class Counsel was not able to fully explain why they were charged a depositions cancellation fee of $1,560 on November 1, 2019. Class Counsel asserted that the depositions were unexpectedly canceled when the parties agreed to mediation. The depositions were scheduled to begin on October 28, 2019, but Class Counsel did not cancel the depositions until October 25, 2019 even though Class Counsel paid the mediation fee on October 2, 2019—nearly a month before Class Counsel was charged the depositions cancellation fee on November 1, 2019. ECF No. 77-1 at 107. However, the October 2, 2019 mediation fee was later refunded, and Class Counsel paid for a different mediator on November 9, 2019. Because the record is unclear, the Court gives Class Counsel the benefit of the doubt and deems the $1,560 deposition cancellation fees reimbursable.

Moreover, the following expenses are reasonable: $5,500 in mediation fees; $1,159 in expert consulting on damages; $1,079 in filing fees; and the remainder in legal research costs, court reporting, and other miscellaneous expenses. ECF No. 77-1 at 107–08. Accordingly, the Court grants Class Counsel's reimbursement request. The Court orders that $11,445.78 in unreimbursed costs be paid from the settlement fund to Class Counsel.

12

**C. The Court approves a reduced service award for the Class Representative.**

Class Counsel lastly ask the Court to award $10,000 to the Class Representative, Paul Lesevic. As the Ninth Circuit has explained, service awards "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). "An incentive award of $5,000 is presumptively reasonable," and an award of $10,000 is "quite high." *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 534 (N.D. Cal. 2020) (quoting *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014)), *aff'd*, No. 20-15898, 2021 WL 1511501 (9th Cir. Apr. 16, 2021).

Here, Class Counsel fail to justify a "quite high" service award of $10,000, which is two times the presumptively reasonable service award. *Id.* Class Counsel's request is unjustified in two ways. First, the work done by Lesevic on behalf of the class fails to support a $10,000 service award. As confirmed at the hearing on the instant motion, Lesevic merely responded to written discovery and produced 131 pages of documents. Lesevic did not attend the mediation. Nor was he deposed. Where, as here, the Class Representative "did not testify, sit for deposition, or participate in any . . . mediation[]," a service award of $10,000 is often inappropriate. *Fronda v. Staffmark Holdings, Inc.*, No. 15-CV-02315-MEJ, 2018 WL 2463101, at *14 (N.D. Cal. June 1, 2018) (citing, *e.g.*, *Lopez v. Bank of Am., N.A.*, 10-CV-01207-JST, 2015 WL 5064085, at *8–9 (N.D. Cal. Aug. 27, 2015)). Courts in this district will instead grant a service award of $5,000. *Id.*

Second, Lesevic did not face additional "financial or reputational risk" from Defendant (his employer) or Defendant's industry in bringing this action. *Rodriguez*, 563 F.3d at 958–59. As discussed at the hearing on the instant motion, Lesevic brought the instant case against Defendant only *after* suing Defendant in three other federal and state forums: (1) the U.S. Equal Employment Opportunity Commission; (2) the California Department of Fair Employment and Housing; and (3) the California Employment Development Department. Thus, the instant case did not materially

13

*add* to the risk that Lesevic would be "blacklisted" by Defendant or Defendant's industry. Mot. at 19.

Accordingly, the Court approves a service award of $5,000 to Class Representative Paul Lesevic.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for attorneys' fees. The Court orders that fees in the amount of $168,000 and expenses in the amount of $11,445.78 be paid to Class Counsel, and that a service award of $5,000 be paid to Class Representative Paul Lesevic.

**IT IS SO ORDERED.**

Dated: April 23, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge